ESTATE OF BEAN : BEAN, Respondent, vs. ESTATE OF BEAN, Appellant.

*January 10—February 5, 1952.*

For the appellant there were briefs by *Brazeau & Brazeau,* attorneys, and *Richard S. Brazeau* of counsel, all of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

For the respondent there was a brief by *Earl F. Kileen* of Wautoma, and *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner.*

MARTIN, J. Examination of the record on this appeal discloses facts amply supporting the trial court's conclusions that petitioner owned the property here involved.

There is no doubt that Ida Bean had possession of this property since it was found in her individual safety-deposit box. The presumption of ownership arising from that possession placed the burden of proof upon the petitioner to show that the property was in fact his.

Many witnesses were called on behalf of the petitioner to show the relationship between Ida Bean and Arthur Bean with regard to the manner in which his business funds were handled. Their testimony in that respect is entirely credible. Arthur Bean was a dealer in livestock and, occasionally, real estate, and he always did business in cash. He never carried much money with him, but he sometimes needed considerable sums when buying as many as thirty or forty head of cattle. It was his practice to give all his money to his wife and when he needed it he asked her for it. She kept the money in a sack either on her person or in the bedroom of their home. Persons owing money to Bean on cattle deals frequently paid it to Mrs. Bean. She sometimes referred to herself as "Art's banker."

No claim is made that Ida Bean ever deposited her husband's funds in her own bank accounts, and there is no evidence that she ever paid her husband's bills by check.

Under these circumstances it is entirely believable that Arthur Bean expected to find a considerable sum of money in the house after Ida's death. He testified that he had not done any business since April 15, 1950, because his wife was ill and he often had to take her to the doctor at Fond du Lac. Dr. Bjorge testified that Mrs. Bean told him in June that she had to take some of Art's money to the bank because it was dangerous to keep it at home. The bank records show that she visited her lockbox three times that month. On one of those occasions Mrs. Schenskey was with her. Mrs. Bean had no reason to believe she would die soon.

The items of $4,064 and $820 were found in a sack at the top of the lockbox. Petitioner identified the sack as the one his wife usually kept his money in, either on her person or in the bedroom. He recognized the $820 as the balance of $1,000 formerly kept in the house and from which he had paid doctor bills.

Bank records and other exhibits were introduced in evidence to account for funds which decedent inherited from the estate of her first husband. She had interests in various pieces of real estate which were sold during her marriage to Arthur Bean and she owned a mortgage which was subsequently converted into bonds and then sold in 1938. The proceeds of these transactions are shown in the record and reflected in her bank accounts, which accounts also show that during her marriage to Bean decedent added no substantial sums thereto. Ida Bean was at no time gainfully employed while she was married to petitioner. These circumstances alone do not prove that the money found in the lockbox belonged to petitioner, but the trial court had the right to consider them, along with all the other evidence, in

drawing the inference that it was the property of Arthur Bean.

Counsel contends that petitioner committed perjury in his testimony regarding the filing of income-tax reports, and that therefore his entire testimony should be viewed with suspicion. The testimony complained of is of importance on this appeal only so far as it goes to the credibility of the witness. However, in such details as corroboration was possible to obtain, there was corroboration of much of petitioner's testimony by numerous other witnesses. The trial court is in the best position to appraise the credibility of all witnesses, since it has the opportunity to observe them on the stand and hear their words with its own ears.

It is our opinion that the evidence, taken as a whole, provides ample support for the trial court's conclusions in this case.

There is a motion to review before us on that portion of the judgment denying petitioner's claim to the Milwaukee real estate and the item of $345 cash. The deed to the Milwaukee property was in Ida Bean's name. Although petitioner stated the lot was obtained in the trade of his automobile, he showed no records of such a transaction, nor was it testified to by any other witness. He had no explanation for the $345 bundle of cash and apparently had never seen it before. The trial court's conclusion that petitioner had not met the burden of proof necessary to overcome the presumption of ownership in Ida Bean was correct, and the judgment must be affirmed in its entirety.

*By the Court.*—Judgment affirmed.